UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STEELWORKERS on behalf of UNITED STEELWORKERS OF AMERICA LOCAL UNION 12431-01 AND UNITED STEELWORKERS OF AMERICA LOCAL UNION 12431-02 | : | **C.A. No. 06-350T** |
| v. | : | REMOVED FROM SUPERIOR COURT, STATE OF RHODE ISLAND, PROVIDENCE COUNTY |
| v. | : | |
| SOUTHERN UNION COMPANY d/b/a NEW ENGLAND GAS COMPANY | : | C.A. No. PC 2006-3669 |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, Southern Union Company d/b/a New England Gas Company (hereinafter "Southern Union"), hereby moves that the instant action against it be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Court Rules of Civil Procedure. In support of its motion, Southern Union relies on the Memorandum of Law filed contemporaneously herewith.

DEFENDANT, SOUTHERN UNION COMPANY
d/b/a NEW ENGLAND GAS COMPANY

By Its Attorneys,

/s/ Robert P. Brooks

ROBERT P. BROOKS (#3721)
MICHAEL D. CHITTICK (#5967)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: (401) 274-7200
Fax: (401) 751-0604
Date: August 1, 2006
E-mail: rbrooks@apslaw.com
E-mail: mchittick@apslaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August, 2006, I served a true copy of the within via first-class mail, postage prepaid and electronic mail, to Richard M. Peirce, Esq., Roberts Carroll Feldstein & Peirce, 10 Weybosset Street, Providence, Rhode Island 02903.

/s/ LeeAnne Dunne

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STEELWORKERS on behalf of UNITED STEELWORKERS OF AMERICA LOCAL UNION 12431-01 AND UNITED STEELWORKERS OF AMERICA LOCAL UNION 12431-02 | : | **C.A. No. 06-350T** |
| v. | : | REMOVED FROM SUPERIOR COURT, STATE OF RHODE ISLAND, PROVIDENCE COUNTY |
| SOUTHERN UNION COMPANY d/b/a NEW ENGLAND GAS COMPANY | : | C.A. No. PC2006-3669 |

**DEFEDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, Southern Union Company d/b/a New England Gas Company (hereinafter the "Company"), submits this memorandum of law in support of its motion to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. As fully explained below, the Complaint is subject to dismissal on either or both of the following grounds:

(1) Plaintiff, the United Steelworkers (hereinafter the "Union"), lacks standing to bring the instant action on behalf of the allegedly aggrieved employees; and

(2) Plaintiff failed to exhaust its administrative remedies before the Rhode Island Department of Labor and Training prior to filing the instant action.

FACTUAL BACKGROUND

In its Complaint, the Union alleges that within the last year, the Company has violated R.I. Gen. Laws § 25-3-3 by failing to pay employees represented by the Union one and one-half times their normal rate of pay for work performed on Sundays. Complaint, ¶ 15. Accordingly,

the Union claims, the aggrieved employees are entitled to relief pursuant to R.I. Gen. Laws §§ 28-14-18.1, 18-14-18.2, and 28-14-18.4. *See* Complaint, ¶¶ 11, 12, and 15.

Although no individual employees are named as plaintiffs in the Complaint, the Union alleges that it is entitled to bring this action on behalf and for the benefit of the employees it represents by virtue of R.I. Gen. Laws § 28-8-2. Complaint, ¶ 3.

ARGUMENT

**A. The Union Lacks Standing To Pursue This Action On Behalf Of The Allegedly Aggrieved Employees.**

Where a plaintiff lacks standing to pursue an action in court, the defendant may properly and successfully move to dismiss the complaint based on lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and/or failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). *See Rhode Island Laborers' Health and Welfare Fund v. Philip Manis, Inc.*, 99 F.Supp. 2d 174 (D.R.I. 1999) (dismissing complaint for lack of standing under Rule 12(b)(6)); *Schroeder v. Lotito,* 577 F.Supp. 708, 717 (D.R.I. 1983) (same); *Rhode Island Assoc. of Realtors Inc. v. Whitehouse*, 51 F.Supp. 2d 107, 110 (D.R.I. 1999) (treating Rule 12(b)(6) motion to dismiss for lack of standing as Rule 12(b)(1) motion because "standing is required to establish subject matter jurisdiction"). In this case, the Union cites R.I. Gen. Laws § 28-8-2 as granting it the authority to sue NEG on behalf of the employees it represents; at first blush, it may appear that the Union is correct in its assertion. Section 28-8-2 provides that "[l]abor organizations may sue as a legal entity for the benefit and on behalf of the employees they represent in the superior court of the State of Rhode Island having jurisdiction of the parties." Section 28-8-2, however, is clearly an offshoot of the immediately preceding section in the same chapter of the General Laws, R.I. Gen. Laws § 28-8-1, which was passed into law at the same time. *See* P.L. 1955, ch. 3513, §§ 1-3. Section 28-8-1 provides:

> **28-8-1. Capacity to sue on behalf of employees for contract violations**. – Suits or actions at law for the violation by an employer of contracts of employment between the employer and his or her employees who are represented by a labor union as their legally constituted bargaining agent, and whose rights and duties as employees are set forth in a collective bargaining agreement between the employer and labor union, as the legal representative of the employees, may be brought in the name of the union for the benefit of the employees. This section applies to any previous violation or violation which may be made in the future by the employer; provided that any action at law brought by the union for the benefit of the employees shall be subject to the provisions of §§ 9-1-15 – 9-1-24.

While the Union is indisputably the exclusive collective bargaining representative of certain Company employees who have performed work on Sunday within the past year, it nevertheless lacks standing to sue the Company in this matter on the represented employees' behalf. Significantly, the right of labor organizations to sue under Title 28, Chapter 8 of the Rhode Island General Laws is premised on an alleged violation of a collective bargaining agreement. *See* R.I. Gen. Laws §§ 28-8-1 – 28-8-3; *Rhode Island Brotherhood of Correctional Officers v. State of Rhode Island*, 264 F.Supp.2d 87, 100 (D.R.I. 2003), *aff'd* 357 F.3d 42 (1st Cir. 2004); *United Textile Workers v. Lister Worsted Co.*, 91 R.I. 15, 160 A.2d 358, 361 (1960) (R.I. Gen. Laws §§ 28-8-1 to 28-8-3 grant a union authority to bring suit on behalf of its members for an employer's violation of a collective bargaining agreement). Here, the alleged violation of the law is not contractual, but rather statutory, in nature and origin. Tellingly, the Union does not claim that the Company has violated any provision of an applicable collective bargaining agreement; if any provision of an applicable collective bargaining agreement was alleged to be breached here, the instant action would be subject to dismissal based on the Union's failure to exhaust the grievance and arbitration procedure. Instead, the Union's complaint only alleges that the Company violated R.I. Gen. Laws § 25-3-3 (the "Sunday Pay Statute") by failing to pay

represented employees one and one half times their normal rates of pay for work performed on Sundays.

In *Brotherhood of Correctional Officers*, this court ruled that Section 28-8-1 does not bestow standing upon the plaintiff union to bring an action to enforce either its members' alleged statutory rights or their rights under individual contracts with their employer. 264 F.Supp.2d at 100-101. The argument for the Union's lack of standing in the present matter is even more compelling. Unlike in *Brotherhood of Correctional Officers*, there are no individual employment contracts involved here, and the only alleged violation is a statutory one. Accordingly, because the Union's Complaint is not based on an alleged violation of an applicable collective bargaining agreement, it is subject to dismissal on account of the Union's lack of standing.

Moreover, the Complaint is also subject to dismissal on the basis that the Union fails to allege that it attained its members' consent to bring suit against the Company. In *United Textile Workers*, the Rhode Island Supreme Court interpreted Section 28-8-1 as requiring a labor organization to secure the consent of its individual members to bring suit as a prerequisite to doing so. 160 A.2d at 361; *see also Brotherhood of Correctional Officers*, 264 F.Supp.2d at 101 ("As plaintiff has failed to allege in its complaint that it sought permission from its members to bring a breach of contract claim under § 28-8-1, plaintiff lacks standing to do so.").

**B. The Complaint Should Also Be Dismissed Because The Union Failed To Exhaust Its Administrative Remedies Before The Rhode Island Department Of Labor And Training Prior To Filing Suit.**

The Complaint is subject to dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and/or failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) based on the Union's failure to exhaust administrative remedies before

the Rhode Island Department of Labor and Training ("DLT"). *See Weber v. Cranston Pub. School Comm.*, 245 F.Supp. 2d 401, 410 n. 8 (D.R.I. 2003) (noting that defendants moved to dismiss on the basis of plaintiff's failure to exhaust administrative remedies under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and further noting that the First Circuit does not appear to have addressed issue of whether the failure to exhaust administrative remedies constitutes a jurisdictional flaw); *see also, Frazier v. Fairhaven School Comm.*, 276 F.3d 52 (1st Cir. 2002) (affirming dismissal of complaint for failure to exhaust administrative remedies under Rule 12(b)(6)); *Christopher W. v. Portsmouth School. Comm.*, 877 F.2d 1089 (1st Cir. 1989) (affirming dismissal of complaint for failure to exhaust administrative remedies under Rule 12(b)(1)).

Pursuant to Section 28-14-20 of the Rhode Island Payment of Wages Act, all claims for unpaid wages – precisely the type of claim the Union has made on behalf of represented employees in this case – must be field with the Director of DLT. Section 28-14-20 provides:

> **28-14-20. Filing of claims with director**. – (a) All claims for wages due must be filed with the director within three (3) years from the time of services rendered by an employee to his or her employer.
>
> (b) A claim may be filed by a person who is required to be paid wages for his or her labor; or if a minor, by his or her parent or guardian; or by the lawful collective bargaining representative of the person; or a representative authorized in writing by the employee.

Seemingly paradoxically, however, Section 28-14-18.1(a) of the Rhode Island Payment of Wages Act provides that "[a] person who alleges a violation of this chapter may bring a civil action for appropriate injunctive relief or actual damages or both within one year after the occurrence of the alleged violation of this chapter." Section 28-14-18.4 extends the protections afforded by Section 28-14-18.1 to, *inter alia*, the Sunday Pay Statute. It is on the basis of these

provisions that the Union relies in bringing its complaint against the Company directly in Superior Court.

Although there are no reported state court decisions addressing the apparent inconsistency between Sections 28-14-20 and 28-14-18.1 of the Rhode Island Payment of Wages Act, the Rhode Island federal district court had occasion to consider the issue in *Trustees of the Local Union No. 17 Sheet Metal Workers' Apprenticeship Fund v. May Engineering Co., Inc.*, 951 F.Supp. 346 (D.R.I. 1997). In that case, the district court found that Section 28-14-18.1 was limited to alleged violations of the whistleblowing protections set forth in the immediately preceding and following sections of the Payment of Wages Act.[1] The district court observed as follows:

> While § 28-14-18.1(a) broadly states that "[a] person who alleges a violation of this chapter may bring a civil action for appropriate injunctive relief or actual damages or both," a closer reading of the entire section clearly limits the scope of this remedy. Read in its proper context, the cause of action provided by § 28-14-18.1(a) is available only for violations of the whistleblowing protection set forth in the immediately preceding and following sections. Indeed, part (d) of this same subsection, which premises recovery on a showing that an employee "was about to report . . . a violation which the employee knew or reasonably believed had occurred or was about to occur," clearly indicates that § 28-14-18.1 was intended to apply to violations of the whistleblowing protection afforded by § 28-14-18, and not to wage payment violations in general.

*Id.* at 350-51.

In this case, the Union has alleged no whistleblowing protection violations by the Company. *See generally* Complaint. Under this court's analysis in *May Engineering*, Section 28-14-18.1 therefore does not provide the Union authority to commence suit for a general wage

[1] Section 28-14-18 sets forth an employee's protection from retaliatory discharges and discrimination and Section 2814-18.2 provides a reinstatement remedy for retaliatory discharges.

payment violation. Before filing suit in Superior Court, the Union was required to file a formal claim for unpaid wages with the Director of DLT pursuant to Section 29-14-20. Because the Union has not filed such claim, it has failed to exhaust its administrative remedies and this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and/or Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

CONCLUSION

For all of the foregoing reasons, the Union's Complaint should be dismissed.

DEFENDANT, SOUTHERN UNION COMPANY
d/b/a NEW ENGLAND GAS COMPANY

By Its Attorneys,

/s/ Robert P. Brooks
ROBERT P. BROOKS (#3721)
MICHAEL D. CHITTICK (#5967)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: (401) 274-7200
Fax: (401) 751-0604
Date: August 1, 2006
E-mail: rbrooks@apslaw.com
E-mail: mchittick@apslaw.com

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August, 2006, I served a true copy of the within via first-class mail, postage prepaid and electronic mail, to Richard M. Peirce, Esq., Roberts Carroll Feldstein & Peirce, 10 Weybosset Street, Providence, Rhode Island 02903.

/s/ LeeAnne Dunne

*388791_1.doc*